**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DANIELLE SMITH,**

        **Plaintiff,**

**-vs-**                                  **Case No.  6:11-cv-35-Orl-28GJK**

**VOLUSIA COUNTY, FLORIDA, CURTISS**
**M. GEBER, and KEVIN SWEAT,**

        **Defendants.**
_____

## ORDER

This cause is before the Court on the Motion to Dismiss (Doc. 17) filed by Defendants Kevin Sweat and Volusia County ("the County"). Having considered the motion and the Response (Doc. 23) thereto filed by Plaintiff, the Court concludes that the motion must be granted in part and denied in part.

### I.  Background[1]

Plaintiff's date of birth is June 14, 1989. (Compl. ¶ 22). From 2006 to 2008, Plaintiff was employed by the Volusia County Beach Patrol ("the Beach Patrol") as a lifeguard. (Id. ¶ 23). Plaintiff was sixteen years old when she began that employment. (Id. ¶ 24).

Defendant Curtiss Geber was an officer with the Beach Patrol and exercised direct supervisory control over Plaintiff. (Id. ¶ 26). On January 17, 2007, when Defendant Geber

---

[1] The facts in the Background section are taken from the Complaint (Doc. 1). These facts are assumed to be true at this stage of the case, but the Court makes no finding as to their veracity.

was thirty-six years old and Plaintiff was seventeen years old, Defendant Geber asked Plaintiff during one of their work shifts to go on a date with him. (Id. ¶ 28). Plaintiff and Defendant Geber met at a sports bar later that evening,[2] and Defendant Geber "purchased alcohol for the Plaintiff and invited her to return with [him] to his home." (Id. ¶¶ 29-30). Plaintiff went with Geber to his home and spent the night, and Geber "performed cunnilingus on Plaintiff's genitals at [Geber's] suggestion and urging." (Id. ¶¶ 31-32). "Plaintiff advised Geber that she did not feel comfortable with that level of intimacy and would not allow him to proceed further." (Id. ¶ 33).

Plaintiff alleges that she did not and could not give consent to the sexual encounter with Geber because she was a minor child at the time and was therefore legally incapable of giving consent. (Id. ¶ 37). Additionally, consent was allegedly not possible because of a "coercive environment" that existed in the Beach Patrol; sexual encounters between senior lifeguards and underage lifeguards were "part of the culture" and "a condition for employment" at the Beach Patrol. (Id. ¶ 38).

Additionally, Plaintiff alleges that she "reported the sexual abuse by Geber to her parents, who then notified the Director of the Beach Patrol, [Defendant] Kevin Sweat." (Id. ¶ 39). Then, "[f]ollowing an investigation, Geber was allowed to resign from the Beach Patrol. No formal discipline was taken against him and the County took no action against Geber's law enforcement certification." (Id. ¶ 40). Defendant Sweat then allegedly "accused Plaintiff of encouraging the sexual abuse and blamed her for failing to rebuff Geber's sexual

---

[2] The date given in paragraph 29 of the Complaint is July 17, 2007; this apparently is a typographical error and should read January 17, 2007 as in paragraph 28.

advances." (Id. ¶ 42).

Defendant Sweat "let it be known to others in the administration that he would have preferred to fire Plaintiff but was afraid that he would be sued if he did so." (Id. ¶ 43). Defendant Sweat "notified many other individuals with the Beach Patrol that Plaintiff had sexual relations with Geber," and this disclosure by Sweat "was made to so many individuals that the information became widely known to most or all of the employees of the Beach Patrol." (Id. ¶¶ 44-45). Allegedly due to Sweat's disclosure, several other male lifeguards began to pursue Plaintiff by, among other things, repeatedly asking her out and sending her sexually explicit text messages. (See id. ¶¶ 46-53).

Plaintiff also alleges in the Complaint that the sexual encounter between her and Geber was not an unusual event within the Beach Patrol and that lack of oversight "has allowed a culture of sexual abuse and depravity to take hold of the Volusia County Beach Patrol." (Id. ¶ 55). According to the Complaint, "[t]he sexual abuse and coerced intercourse by employees of the Volusia County Beach Patrol was not an occasional occurrence by a few isolated individuals, but was a regular fact of life for members of the Beach Patrol, occurring over the course of many, many years." (Id. ¶ 61). "The frequent sexual encounters between underage lifeguards and senior staff were known or should have been known to Sweat" and other Volusia County officers, agents, and employees. (Id. ¶ 65). This type of activity allegedly "occurred over the course of decades," (id. ¶ 66), and Sweat and other County officials allegedly "took no action to correct the lack of oversight and the culture of abuse which led to Plaintiff's injuries and those of other minor children," (id. ¶ 69).

Plaintiff filed this lawsuit on January 11, 2011. In her Complaint, she sets forth nine

counts, including: three claims against Geber and the County for constitutional violations pursuant to 42 U.S.C. § 1983 (Counts I, II, and III); claims of negligent supervision (Count IV) and negligent retention (Count V) against the County; claims of battery (Count VI) and intentional infliction of emotional distress (Count VII) against Geber; and claims of intentional infliction of emotional distress (Count VIII) and invasion of privacy (Count IX) against Sweat. Defendant Geber has filed an Answer (Doc. 20) to the Complaint, but the County and Sweat have moved to dismiss all seven of the counts against them. That motion (Doc. 17) is now before the Court.

## II. Legal Standards

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## III. Discussion

A. Rule 8(a)

The County and Sweat first argue that the Complaint does not conform to the requirement of Federal Rule of Civil Procedure 8(a) that a complaint provide "a short and plain statement of the claim." They contend that the Complaint is "shotgun pleading" that is vague, conclusory, and repetitive and that it is not clear which allegations pertain to which claims.

The Complaint is not a "shotgun pleading." It contains nine counts in thirty-four pages and provides fair notice of the claims brought against each Defendant and the basis therefor. The Complaint complies with the requirements of Rule 8(a).

B. Counts I, II, and III

The County moves to dismiss Counts I, II, and III of the Complaint—all of which allege constitutional violations pursuant to 42 U.S.C. § 1983—for failure to state a cause of action.[3] The County argues that Plaintiff has not sufficiently alleged that Geber was acting "under color of law" during the events at issue and that Plaintiff has not sufficiently alleged a basis for municipal liability. These contentions are addressed in turn.

1. Color of Law

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right[4] by a person acting under color of state law." Griffin

---

[3] These three counts are also brought against Defendant Geber, but Defendant Geber has not filed a motion to dismiss.

[4] The County does not argue with any vigor that the allegations of the Complaint, if proven to be true, could support a finding of a violation of Plaintiff's constitutional rights. Courts have recognized that sexual offenses committed by state actors violate the Constitution in some circumstances. See, e.g., United States v. Lanier, 520 U.S. 259 (1997) (case involving criminal violations of constitutional rights under 18 U.S.C. § 242 by a state

-5-

v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. 'The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or [was] acting only as a private individual.'" Id. (citation omitted) (quoting Edwards v. Wallace Cmty. Coll., 49 F.3d 1517, 1523 (11th Cir. 1995)). Additionally, "a defendant in a § 1983 suit acts under color of law when he abuses the position given to him by the State." Id.

The County contends that the Complaint's allegations "do not rise to the level of an abuse of power," (Mot. to Dismiss at 10), and notes that Plaintiff alleges that she voluntarily accompanied Geber to his house after work rather than during working hours. However, Plaintiff has alleged facts sufficient to state a claim for a deprivation of rights by someone "acting under color of state law."

Although the Eleventh Circuit has made a distinction "between those cases where a state actor directly uses his official authority to create the opportunity to sexually assault a

---

court judge who sexually assaulted several women, including employees and at least one litigant); Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 1995) (noting previous recognition that "a rape of a person by a state actor or official could violate the Constitution and serve as the basis for a suit under § 1983"); Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 445, 451 (5th Cir. 1994) (holding, in a case involving a yearlong sexual relationship between a high school teacher and his fifteen-year-old student, that schoolchildren "have a liberty interest in their bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment and that physical sexual abuse by a school employee violates that right" and that "surely the Constitution protects a schoolchild from physical sexual abuse"). The County does question—in a footnote to its motion—the viability of Count III, in which Plaintiff alleges a violation of her Fourth Amendment right to be free from unreasonable seizures. (See Mot. at 15 n.8). However, absent full briefing on this issue, the Court will allow Count III to proceed at this time.

victim and those cases where a state actor merely uses his authority to develop or facilitate a relationship of trust with the victim" and then "on his own time and wholly independent of his official duties[] commits an assault or other constitutional tort against" the victim, Griffin, 261 F.3d at 1306-07 & n.12, the allegations of the Complaint are sufficient to state a cause of action. Plaintiff has alleged, inter alia, that "Geber was the Plaintiff's superior and exercised direct supervisory control over her, (id. ¶ 26); that during a work shift, Geber asked Plaintiff to go out with him, (id. ¶ 28); and that the encounter with Geber "took place in a coercive environment where voluntary consent was not possible" and was "part of the culture of the Beach Patrol and a condition for employment of Plaintiff and other minors," (id. ¶ 38).

At this stage of the case, it cannot yet be determined whether Geber "directly use[d] his official authority to create the opportunity to sexually assault" Plaintiff or whether instead he "merely use[d] his authority to develop or facilitate a relationship of trust with the victim" and then "on his own time and wholly independent of his official duties[] commit[ted] an assault or other constitutional tort against" the Plaintiff. See Griffin, 261 F.3d at 1306-07 & n.12. The allegations of the Complaint are sufficient to satisfy the "color of law" requirement.

### 2. Municipal Liability

"[A] municipality cannot be held liable for the actions of its employees under § 1983 based on a theory of respondeat superior." Griffin, 261 F.3d at 1307 (citing Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658, 663 (1978)). "Rather, only deprivations undertaken pursuant to governmental 'custom' or 'policy' may lead to the imposition of governmental liability." Id. A plaintiff need not, however, establish a formal municipal policy in order to hold a municipality liable. Id. at 1308. Instead, "§ 1983 liability may be imposed

on a municipality based on 'governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.'" Id. (quoting Floyd v. Waiters, 133 F.3d 786, 795 (11th Cir. 1998)).

"To prove § 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991) (internal quotations and citations omitted). "[A] municipality's failure to correct the constitutionally offensive actions of its employees can rise to the level of a custom or policy 'if the municipality tacitly authorizes these actions or displays deliberate indifference' towards the misconduct." Griffin, 261 F.3d at 1308 (quoting Brooks v. Scheib, 813 F.2d 1191, 1193 (11th Cir. 1987)).

Despite the County's assertions to the contrary, Plaintiff has sufficiently alleged an actionable municipal custom. Plaintiff has alleged, inter alia, that a lack of oversight by County officials "has allowed a culture of sexual abuse and depravity to take hold of the Volusia County Beach Patrol," (Compl. ¶ 55); that "[i]t is common knowledge that minors employed as lifeguards by the Volusia County Beach Patrol will be expected to have sexual intercourse with the officers and adult lifeguards," (id. ¶ 58); that "sexual abuse and coerced intercourse . . . was a regular fact of life for members of the Beach Patrol, occurring over the course of many, many years," (id. ¶ 61); that "[t]he frequent sexual encounters between underage lifeguards and senior staff were known or should have been known to" County officials, (id. ¶ 65); that "[t]he sheer volume of abuse cases across many years and involving

multiple victims shows a reckless disregard for the well-being of the minors entrusted to the Volusia County Beach Patrol," (id. ¶ 66); that "the culture of sexual abuse was common knowledge . . . among the officers and lifeguards employed by the Beach Patrol," (id. ¶ 67); that high-level County officials "had sufficient information of ongoing sexual abuse of underage lifeguards to have imposed upon them a duty to investigate and to correct the lack of oversight and the culture of abuse" even before Plaintiff reported the actions of Geber, (id. ¶ 68); and that despite this information being commonly known in the community, County officials "took no action to correct the lack of oversight and the culture of abuse which led to Plaintiff's injuries and those of other minor children," (id. ¶ 69). Plaintiff also alleges that those responsible for making and implementing policy regarding the Beach Patrol "fostered the conditions and policies which allowed the sexual abuse of minor children, including Plaintiff, to take place. (Id. ¶ 88). The Complaint contains sufficient allegations of a municipal custom to survive a motion to dismiss.

### C. Counts IV and V

Counts IV and V, in which Plaintiff alleges negligent supervision and negligent retention, are brought against the County only. The County does not argue that these counts fail to state a cause of action, but it does assert that Plaintiff failed to comply with the notice requirements of section 768.28(6)(a), Florida Statutes, before filing these claims.

Section 768.28(6)(a) provides in part that "[a]n action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also . . . presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the

Department of Financial Services or the appropriate agency denies the claim in writing." "[T]he requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action . . . ." Id. § 768.28(6)(b). "[T]he failure of the Department of Financial Services or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim." Id. § 768.28(6)(d).

The County states in its motion that Plaintiff submitted a notice of claim to the County on October 29, 2010 but that the County did not deny it in writing or respond to it in any way. Thus, argues the County, the Plaintiff prematurely filed this suit on January 11, 2011—before the claim was denied or six months had passed. Additionally, the County notes that according to the Complaint, Plaintiff's claims accrued on January 17, 2007 and therefore notice had to be served by January 17, 2010—within three years—but was not.

In her response, Plaintiff concedes that she did not and cannot comply with the procedural requirements of section 768.28 because she did not give notice within three years as required by the statute. (See Doc. 23 at 14). She acknowledges that she cannot correct this procedural shortcoming, (id.), and she agrees to the dismissal of Counts IV and V. Thus, these two counts shall be dismissed.

### D. Counts VIII and IX

In Counts VIII and IX, Plaintiff brings claims of intentional infliction of emotional distress ("IIED") and invasion of privacy against Defendant Sweat. Sweat seeks dismissal of both of these counts for failure to state a claim upon which relief can be granted.

#### 1. IIED

"The elements of a cause of action for the intentional infliction of emotional distress are: (1) the wrongdoer's conduct was intentional or reckless, i.e., he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, i.e., beyond all bounds of decency, atrocious[,] and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." State Farm Mut. Auto. Ins. Co. v. Novotny, 657 So. 2d 1210, 1212 (Fla. 5th DCA 1995). "Whether alleged conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a matter of law, not a question of fact." Gandy v. Trans World Computer Tech. Group, 787 So. 2d 116, 119 (Fla. 2d DCA 2001).

Plaintiff alleges in Count VIII that Defendant Sweat committed the tort of IIED when he—intentionally and with the purpose of embarrassing the Plaintiff—disclosed to other members of the Beach Patrol that Plaintiff and Geber had engaged in sexual activity, that Plaintiff had reported the activity to authorities, and that her complaint was the reason Geber was no longer employed with the Beach Patrol. (Compl. ¶¶ 170-171). Defendant Sweat argues in the motion to dismiss that the facts alleged are not sufficient to support an IIED claim. The Court disagrees and finds this count sufficiently stated.

2. Invasion of Privacy

Florida recognizes three categories of the tort of invasion of privacy: "(1) appropriation—the unauthorized use of a person's name or likeness to obtain some benefit; (2) intrusion—physically or electronically intruding into one's private quarters; [and] (3) public disclosure of private facts—the dissemination of truthful private information which a reasonable person would find objectionable." Allstate Ins. Co. v. Ginsberg, 863 So. 2d 156,

162 (Fla. 2003).[5] Plaintiff alleges a claim under the third of these categories, asserting that Defendant Sweat publicly disclosed private facts about her when he told other members of the Beach Patrol about her sexual activity with Geber and about her report of that activity to the authorities. (See Compl. ¶ 194).

The elements of the cause of action of public disclosure of private facts are: "1) the publication, 2) of private facts, 3) that are offensive, and 4) are not of public concern." Cape Publ'ns, Inc. v. Hitchner, 549 So. 2d 1374, 1377 (Fla. 1989). "The publicity given to private facts must be to the public at large or to so many persons that the matter must be regarded as substantially certain to become public knowledge." Williams v. City of Minneola, 575 So. 2d 683, 689 (Fla. 5th DCA 1991). Nevertheless, "a defendant may become liable through revealing the matter to only one person, from whom the information predictably goes to many." Id. The "offensiveness" element is satisfied if "the publicity given to [the plaintiff] is such that a reasonable person would feel justified in feeling seriously aggrieved by it." Restatement (Second) of Torts § 652D cmt. c (1977).

Defendant Sweat argues in the motion to dismiss that the Complaint fails to state a claim for invasion of privacy because Plaintiff has not sufficiently alleged publicity to a large number of persons and because the facts disclosed are not "highly offensive to a reasonable person" because they pertained only to "her voluntary sexual encounter with Defendant Geber." (Mot. to Dismiss at 20-21). These assertions are rejected. Plaintiff has sufficiently

---

[5]Although Ginsberg also noted a fourth category of invasion of privacy—false light—the Supreme Court of Florida has since held that false light is not a viable cause of action in this state. See Jews for Jesus v. Rapp, Inc., 997 So. 2d 1098 (Fla. 2008).

alleged publicity, and the Court cannot conclude that a reasonable person would not be "justified in feeling seriously aggrieved" by this disclosure.

### IV.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that the Motion to Dismiss (Doc. 17) filed by Defendants Kevin Sweat and Volusia County, Florida is **GRANTED in part** and **DENIED in part**.  The motion is **GRANTED** insofar as it pertains to the state law claims against the County in Counts IV and V, and Counts IV and V are hereby **DISMISSED**.  In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 28th day of April, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record